IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 05–cv–00897–EWN–CBS


FRANCISCO RUIZ, on behalf of his
minor child, ELICEO RUIZ,

      Plaintiff,

v.

CITY OF BRUSH,
BRUSH RODEO ASSOCIATION INC.,
FIREWORKS WEST INTERNATIONAL INC.,
BIG BANG FIREWORKS INC. and
STEVE GROOMS,

      Defendants.

---

## ORDER AND MEMORANDUM OF DECISION

---

      This is a civil rights and negligence case.  Bringing this action on behalf of his minor son,

Plaintiff Francisco Ruiz[1] alleges that Defendants City of Brush, Colorado ("Defendant Brush");

Brush Rodeo Association Inc. ("Defendant Brush Rodeo"); Fireworks West Internationale, Inc.[2]

---

[1]Throughout his submissions, Plaintiff refers to himself in both singular and plural form. (Pls.' Resp. to Joint Mot. for J. on the Pleadings on Strict Liability Claim [filed Mar. 10, 2006]; *cf.* Pl.'s Resp. to Mot. to Strike [filed May 8, 2006].)  I refer to Plaintiff exclusively in the singular.

[2]I gather from the parties' submissions that the caption in this case mistakenly identifies Defendant Fireworks West, Internationale, Inc. as "Fireworks West International Inc."  (Answer of Fireworks West Internationale, Inc. to Am. Compl. [filed Sept. 23, 2005].)

("Defendant Fireworks West"); Big Bang Fireworks, Inc. ("Defendant Big Bang"); and Steve

Grooms violated his son's Fourteenth Amendment right to bodily integrity and were negligent in

conducting a fireworks display.  Subsequent to the fireworks display, Plaintiff's son found and

agitated an unexploded mortar shell, which exploded and injured him.  This matter is before the

court on: (1) Defendant Brush's "Motion to Dismiss Plaintiff's Amended Sixth, Seventh, and

Eighth Claims for Relief under 42 USC [sic]  [section] 1983 against the City of Brush," filed

September 21, 2005; (2) "Motion of Defendants Big Bang Fireworks, Inc. and Steve Grooms for

Joinder to Co-Defendants['] Motion to Dismiss," filed December 8, 2005;  (3) Defendants Brush

Rodeo, Fireworks West, Grooms, and Big Bangs's "Joint Motion for Judgment on the Pleadings

on Strict Liability Claim," filed January 17, 2006; (4) "[Defendant] Fireworks West

Internationale, Inc.'s Motion for Summary Judgment," filed January 17, 2006; (5) "Defendants',

Big Bang Fireworks Inc[.] and Steve Grooms, Motion and Brief in Support of Summary

Judgment," filed January 17, 2006; (6) Defendant Brush's Motion to Dismiss Plaintiff's Tort

Claims against the City of Brush Under the Colorado Governmental Immunity Act," filed January

17, 2006; (7) Defendant Brush's "Motion for Summary Judgment on Plaintiff's [section] 1983

Claims against the City of Brush," filed January 17, 2006; (8) Defendant Brush's Motion to Strike

Amended Brief in Response to Brush's Motion for Summary Judgment on Plaintiff's [section]

1983 Claims against City of Brush," filed April 20, 2006; and (9) "Plaintiff's Motion to File

[*Corrected*] Amended Brief in Response to Brush's Motion for Summary Judgment on Plaintiff's

[section] 1983 Claims against City of Brush," filed May 8, 2006.  Jurisdiction is premised upon

federal question and civil rights original jurisdiction and supplementary jurisdiction, respectively

28 U.S.C. §§ 1331, 1343, and 1367 (2006).

## FACTS

***1.   Factual Background***

On July 4, 2003, Defendants Brush and Brush Rodeo sponsored a fireworks display in

celebration of Independence Day.[3]  (Am. Compl. and Jury Demand ¶ 11 [filed Sept. 13, 2005]

[hereinafter "Am. Compl."].)  Defendant Brush contracted with Defendant Fireworks West to

operate the fireworks display.  (*Id.* ¶ 27.)  Defendant Fireworks West, in turn, engaged Defendant

Grooms and his corporation, Defendant Big Bang, to assist in conducting the fireworks display.

(*Id.* ¶ 14.)  The parties do not dispute that Defendant Grooms acted on behalf of and as an agent

for Defendant Brush during his participation in the fireworks display.  (Defs.', Big Bang

Fireworks[,] Inc[.] and Steve Grooms, Mot. and Br. in Supp. of Summ. J.; Opening Br. in Supp.

of Defs.' Big Bang Fireworks, Inc. and Steve Grooms, Mot. and Br. in Supp. of Summ. J. [filed

Jan. 17, 2006] [hereinafter "Defs. Grooms and Big Bang's Br."]; *admitted at* Pls.' [sic] Resp. to

---

[3]At the outset, I note that factual allegations are sparse in this case.  Defendants proffer few undisputed facts in their submissions.  In his opposition briefs, Plaintiff proffers myriad disputed facts, but purports to support nearly all of them with the affidavit of his expert witness. Federal Rule of Civil Procedure 56(e) requires that affidavits relied upon in submissions concerning summary judgment must be based on personal knowledge and admissible facts.  Fed. R. Civ. P. 56(e) (2006).  Several of the facts purportedly substantiated by the expert affidavit are not based on the affiant's personal knowledge or are based on inadmissible hearsay.  (*See, e.g.*, Pl.'s [*Corrected*] Am. Br. in Resp. to Brush's Mot. for Summ. J. on Pl.'s [section] 1983 Claims against City of Brush, Statement of Additional Disputed Facts ¶¶ 29–32, 39, 42, 46–47, 53, 65, 69 [filed May 9, 2006].)  Accordingly, I ignore Plaintiff's unsubstantiated proffered facts in my analysis.

Big Bang Fireworks Inc. and Steve Grooms [sic] Mot. for Summ. J., Resp. to Statement of

Undisputed Material Facts ¶ 2 [filed Mar. 10, 2006] [hereinafter "Pl.'s Grooms and Big Bang's

Resp."].)  It is also undisputed that Defendant Grooms acted as a volunteer, serving in the same

capacity as Defendant Brush's volunteer fire department, during the fireworks display.  (Defs.

Grooms and Big Bang's Br., Statement of Undisputed Material Facts ¶ 4; *admitted at* Pl.'s

Grooms and Big Bang Resp., Resp. to Statement of Undisputed Material Facts ¶ 4.)

Plaintiff alleges that in conducting the fireworks display, all Defendants failed to comport

with Colorado state safety regulations codified at Colorado Revised Statutes section 12–28–103

(2005).  (Am. Compl. ¶¶ 15–17.)  The regulations in question govern various aspects of

conducting fireworks displays, including: (1) shell construction and mortar installation; (2) display

site selection; (3) electrical design and ignition of display; (4) requisite qualification and permits

for displays and display operators; and (4) overall display operation.  (Compl. and Jury Demand,

Ex. A. [NFPA 1123 Code for Fireworks Display] [filed May 17, 2005].)

On the morning of July 5, 2003, Plaintiff's son found an unexploded shell.  (Am. Compl. ¶

20.)  Plaintiff alleges the shell was launched as part of the fireworks display.  (*Id.*)  Plaintiff's son

picked up the shell, took it to his residence, and hit it with a plastic baseball bat.  (Pl.'s

[*Corrected*] Am. Br. in Resp. to Brush's Mot. for Summ. J. on Pl.'s [section] 1983 Claims against

City of Brush, Ex. 2 at 10–14 [E. Ruiz Dep.] [filed May 9, 2006] [bracketed italics in original]

[hereinafter "Pl.'s Second Am. Brush Resp."].)[4]  Upon being stricken, the shell exploded, causing

---

[4]Plaintiff styles this exhibit as exhibit two, although it appears as the first exhibit to his
second amended brief.  (Pl.'s Second Am. Brush Resp.)  In an attempt to minimize confusion, I

Plaintiff's son to sustain burns and other injuries.  (*Id.*, Ex. 2 at 10–14 [E. Ruiz Dep.]; Am. Compl. ¶ 21.)

**2.      *Procedural History***

On May 17, 2005, Plaintiff filed his initial complaint, in which he asserted eight claims. (Compl. and Jury Demand [filed May 17, 2005].)  Plaintiff asserted five state law claims against Defendants: (1) negligence against Defendant Fireworks West; (2) negligence *per se* against Defendant Grooms; (3) negligence *per se* against Defendant Big Bang; (4) negligence against Defendant Brush Rodeo; and (5) strict liability against Defendants Brush Rodeo, Fireworks West, Big Bang, and Grooms.  (*Id.* ¶¶ 26–55.)  Additionally, Plaintiff asserted three claims under section 1983 against Defendants Brush and Grooms for violating his son's Fourteenth Amendment right to substantive due process.  (*Id.* ¶¶ 56–78.)  On July 20, 2005, Defendant Grooms answered Plaintiff's complaint.  (Answer of Def. Steve Grooms [filed July 20, 2005].)  On July 29, 2005, Defendants Fireworks West and Brush Rodeo separately answered Plaintiff's complaint.  (Answer of Fireworks West Internationale, Inc. [filed July 29, 2005]; Answer of Brush Rodeo Assoc., Inc. [filed July 29, 2005].)

On August 1, 2005, Defendant Brush filed a motion to dismiss Plaintiff's section 1983 claims against it.  (Mot. to Dismiss Sixth and Seventh Claims for Relief Under 42 USC [sic] §

---

refer to Plaintiff's exhibit using his terminology.

I note that Plaintiff's citations to exhibits in his second amended response brief are in an abysmal state of disarray.  Plaintiff cites to exhibits attached to his initial, first amended, and second amended briefs as he sees fit, effectively forcing the court to sift laboriously through his copious submissions in analyzing his claims.  I admonish Plaintiff for this capricious approach, and urge Plaintiff to be more exacting in future submissions to this court.

1983 against the City of Brush [filed Aug. 1, 2005].)  On September 8, 2005, Plaintiff responded

to Defendant Brush's motion.  (Resp. to Mot. to Dismiss Sixth and Seventh Claims for Relief

Under 42 USC [sic] § 1983 against the City of Brush [filed Sept. 8, 2005].)

On September 15, 2005, Plaintiff filed an amended complaint, mooting Defendant Brush's

August 1, 2005 motion to dismiss.  (Am. Compl.)  Plaintiff asserts the same state law claims as in

his initial complaint as against Defendants Brush Rodeo, Fireworks West, Big Bang, and Grooms.

(*Id.* ¶¶ 26–55.)  In addition, Plaintiff asserts four claims under section 1983 for violation of his

son's Fourteenth Amendment rights to substantive due process.  Plaintiff asserts claims against:

(1) Defendant Brush for maintaining a policy or custom that led to a violation of Plaintiff's son's

rights; (2) Defendant Brush for creating a dangerous situation in violation of Plaintiff's son's

rights; (3) Defendants Brush and Grooms for participating in a joint activity; and (4) Defendant

Grooms as a state actor.  (*Id.* ¶¶ 56–85.)  On September 23, 2005 and October 4, 2005,

Defendants Brush Rodeo, Fireworks West, Grooms, and Big Bang filed separate answers to

Plaintiff's complaint.  (Answer of Brush Rodeo Assoc., Inc. to Am. Compl. [filed Sept. 23, 2005];

Answer of Fireworks West Internationale, Inc. to Am. Compl. [filed Sept. 23, 2005]; Answer of

Def. Steve Grooms to Am. Compl. [filed Oct. 4, 2005]; Answer of Def. Big Bang Fireworks, Inc.

to Am. Compl. [filed Oct. 4, 2005].)

### a.     *Defendants Grooms and Brush's Motions*

On September 21, 2005, Defendant Brush filed a motion to dismiss Plaintiff's amended

section 1983 claims against it.  (Mot. to Dismiss Pl.'s Am. Sixth, Seventh[,] and Eighth Claims

for Relief under 42 USC [sic] § 1983 against the City of Brush [filed Sept. 21, 2005].)  Defendant

Brush argues that Plaintiff's claims should be dismissed because Plaintiff provides no factual

support and does not adequately plead the elements of a section 1983 claim.  (*Id.*)  On October 5,

2005, Plaintiff filed a response to Defendant Brush's motion.  (Resp. to Mot. to Dismiss Pl.'s Am.

Sixth, Seventh[,] and Eighth Claims for Relief under 42 USC [sic] § 1983 against the City of

Brush [filed Oct. 5, 2005].)  On October 20, 2005, Defendant Brush filed a reply brief in support

of its motion.  (Reply in Supp. of Mot. to Dismiss Pl.'s Am. Sixth, Seventh[,] and Eighth Claims

for Relief under 42 USC [sic] § 1983 against the City of Brush [filed Oct. 20, 2005].)

On December 8, 2005, Defendants Grooms and Big Bang moved to join Defendant

Brush's motion to dismiss Plaintiff's section 1983 claims.  (Mot. of Defs. Big Bang Fireworks,

Inc. and Steve Grooms for Joinder to Co-Defs. [sic] Mot. to Dismiss [filed Dec. 8, 2005].)  On

December 14, 2005, Plaintiff filed a response to Defendants Grooms and Big Bang's motion.

(Pls.' [sic] Resp. in Opp'n to Mot. of Defs. Big Bang Fireworks, Inc. and Steve Grooms for

Joinder to Co-Defs.' [sic] Mot. to Dismiss [filed Dec. 14, 2005].)  On December 22, 2005,

Defendants Grooms and Big Bang filed a reply brief in support of their motion.  (Reply to Pls.'

[sic] Resp. in Opp'n to Mot. of Defs. Big Bang Fireworks, Inc. and Steve Grooms for Joinder to

Co-Defs. [sic] Mot. to Dismiss [filed Dec. 22, 2005].)

On January 17, 2006, Defendants Grooms and Big Bang moved for summary judgment.

(Defs. Grooms and Big Bang's Br.)  Defendants Grooms and Big Bang argue they are entitled to

summary judgment on all of Plaintiff's claims against them because: (1) the Colorado

Governmental Immunity Act ("CGIA") bars Plaintiff's tort claims against them; and (2) the

doctrine of qualified immunity shields Defendant Grooms from liability on Plaintiff's section 1983

claims against him.  (*Id.*)  On March 10, 2006, Plaintiff filed a response to Defendants Grooms and Big Bang's motion.  (Pl.'s Grooms and Big Bang Resp.)  On March 27, 2006, Defendants Grooms and Big Bang filed a reply brief in support of their motion.  (Defs. Big Bang Fireworks [,] Inc[.] and Steve Grooms' Reply in Supp. of Summ. J. [filed Mar. 27, 2006].)

On January 17, 2006, Defendant Brush moved to dismiss Plaintiff's tort claims against it under the CGIA.  (Mot. to Dismiss Pl.'s Tort Claims Against the City of Brush Under the [CGIA] [filed Jan. 17, 2006].)  On March 10, 2006, Plaintiff responded to the motion.  (Pls.' [sic] Resp. to Mot. to Dismiss Tort Claims Against the City of Brush Under the [CGIA] [filed Mar. 10, 2006].)  On March 27, 2006, Defendant Brush filed a reply brief in support of its motion.  (Def. City of Brush's Reply to Pl.'s Resp. to the Mot. to Dismiss Pl.'s Tort Claims against the City of Brush under the [CGIA] [filed Mar. 27, 2006].)

On January 17, 2006, Defendant Brush moved for summary judgment on Plaintiff's section 1983 claims against it.  (Mot. for Summ. J. on Pl.'s [section] 1983 Claims against the City of Brush [filed Jan. 17, 2006] [hereinafter "Def. Brush's Br."].)  On March 10, 2006, Plaintiff responded to the motion.  (Pls.' [sic] Br. in Resp. to Brush's Mot. for Summ. J. on Pls.' [sic] [section] 1983 Claims against City of Brush [filed Mar. 10, 2006] [hereinafter "Pl.'s Brush Resp."])  Pursuant to my practice standards, the "sole purpose" of the required statements of and responses to undisputed and disputed material facts is "to establish facts and determine which of them are in dispute.  Legal argument . . . should be reserved for separate portions of the brief." (Practice Standards — Civil, Special Instructions Concerning Motions for Summary Judgment ¶

7.)  Wholly ignoring my practice standards, Plaintiff offered lengthy and myriad legal arguments in the fact sections of his response brief.  (Pl.'s Brush Resp.)

From subsequent submissions, I gather that Defendant Brush's counsel notified Plaintiff's counsel of his noncompliance with my practice standards.  (Mot. to Strike Pl.'s Am. Br. in Resp. to Brush's Mot. for Summ. J. on Pl.'s [section] 1983 Claims Against City of Brush, Ex. A. [3/24/06 Facsimile]  [filed Apr. 20, 2006] [hereinafter "Def. Brush's Mot. to Strike"].)  It appears Plaintiff's counsel agreed to withdraw and resubmit a response brief by April 3, 2006.  (*Id.*, Ex. B [3/27/06 Facsimile].)  Neither Plaintiff's nor Defendant Brush's counsel informed the court of this apparent agreement.  On April 6, 2006, Plaintiff filed an amended response brief.  (Pl.'s Am. Br. in Resp. to Brush's Mot. for Summ. J. on Pl.'s [section] 1983 claims against City of Brush [filed Apr. 6, 2006] [hereinafter "Pl.'s Am. Brush Resp."].)  Although Plaintiff's act of filing his amended brief without seeking leave of this court was in keeping with Federal Rule of Civil Procedure 15(a), the amended brief itself was not in keeping with my practice standards.  *See* Fed. R. Civ. P. 15(a) (2006).  My practice standards require that a party opposing a motion for summary judgment:

> shall, in a separate section of the party's brief styled "Statement of Additional Disputed Facts," set forth in simple, declarative sentences, separately numbered and paragraphed, each additional, material disputed fact which undercuts movant's claim that he is entitled to judgment as a matter of law.  Each separately numbered and paragraphed fact shall be accompanied by a specific reference to material in the record which establishes the fact or at least demonstrates that it is disputed.

(Practice Standards — Civil, Special Instructions Concerning Motions for Summary Judgment ¶ 5.)  Again ignoring my practice standards, Plaintiff set forth in his amended brief several

statements of fact without the requisite citation to record evidence.  (Pl.'s Am. Brush Resp.,

Statement of Additional Disputed Facts ¶¶ 10, 11, 13, 16, 20, 27, 35, 49, 56, 57, 61, 74.)

Additionally, Plaintiff repeatedly misused the short citation form "*id.*" coupled with page and

paragraph numbers throughout his proffered statement of facts.[5]  (*Id.*, Statement of Additional

Disputed Facts, *passim*.)  Problematically, Plaintiff failed to specify to which of three authorities

he intended to refer with his usage of "*id.*"  (*Id.*, Statement of Additional Disputed Facts ¶¶ 12,

14.)  Still more problematically, none of the three documents to which Plaintiff could possibly

refer is of the proper format or length to correspond with Plaintiff's "*id.*" citations throughout his

brief.  (*Id.*, Statement of Additional Disputed Facts ¶ 83, Ex. 35 [Ex. 39 to Treadway Dep.], Ex.

33 [Ex. 37 to Treadway Dep.], Ex. 47 [Ex. 74 to Nelson Dep.].)  Consequently, most of

Plaintiff's proffered statements refer to a document not present in the record, and are thus

unsubstantiated.  (*Id.*, Statement of Additional Disputed Facts ¶¶ 14–83.)

On April 20, 2006, Defendant Brush filed a motion to strike Plaintiff's amended response

brief, emphasizing, *inter alia*, Plaintiff's flawed citation and noncompliance with this court's

practice standards discussed above.  (Def. Brush's Mot. to Strike.)  On May 8, 2006, Plaintiff

responded to Defendant Brush's Motion.  (Pl.'s Resp. to Mot. to Strike [filed May 8, 2006]

[hereinafter "Pl.'s Resp. to Mot. to Strike"].)  On May 12, 2006, Defendant Brush filed a reply

---

[5]"*Id.*," of course, may be used to represent "the immediately preceding authority."  The
Bluebook: A Uniform System of Citation 64 (Columbia Law Review Ass'n et al., eds., 18th ed.
2005).

brief in support of its motion.  (Reply in Supp. of Mot. to Strike Pl.'s Am. Br. in Resp. to Brush's

Mot. for Summ. J. on Pl.'s [section] 1983 Claims against City of Brush [filed May 12, 2006].)

On May 8, 2006, the same date Plaintiff filed his response to Defendant Brush's motion to

strike, Plaintiff filed a motion for leave to file a second amended response brief in opposition to

Defendant Brush's motion for summary judgment.  (Pl.'s Mot. to File [*Corrected*] Am. Br. in

Resp. to Brush's Mot. for Summ. J. on Pl.'s [section] 1983 claims against City of Brush [filed

May 8, 2006] [bracketed italics in original] [hereinafter "Pl.'s Mot. for Leave"].)  On May 9,

2006, rather than tendering his second amended brief and awaiting this court's leave, Plaintiff filed

a second amended response brief.  (Pl.'s Second Am. Brush Resp.)  On May 12, 2006, Defendant

Brush responded to Plaintiff's motion for leave to amend.  (Resp. to Pl.'s Mot. to File

[*Corrected*] Am. Br. in Resp. to Brush's Mot. for Summ. J. on Pl.'s [section] 1983 claims against

City of Brush [filed May 12, 2006] [bracketed italics in original].)  On May 16, 2006, Plaintiff

filed a reply brief in support of his motion.  (Reply to Def.'s Resp. to Pl.'s Mot. to File

[*Corrected*] Am. Br. in Resp. to Brush's Mot. for Summ. J. on Pl.'s [section] 1983 Claims against

City of Brush [filed May 16, 2006] [bracketed italics in original].)

### b. *Other Parties' Motions*

On January 17, 2006, Defendants Brush Rodeo, Fireworks West, Grooms, and Big Bang

filed a joint motion for judgment on the pleadings on Plaintiff's claim for strict liability, in which

they argued Plaintiff did not state a cognizable claim therefor.  (Joint Mot. for J. on the Pleadings

on Strict Liability Claim [filed Jan. 17, 2006].)  On March 10, 2006, Plaintiff responded to the

motion.  (Pls.' [sic] Resp. to Joint Mot. for J. on the Pleadings on Strict Liability Claim [filed

Mar. 10, 2006].)  On March 27, 2006, Defendants Brush Rodeo, Fireworks West, Grooms, and

Big Bang filed a reply brief in support of their motion.  (Defs.' Reply to Pl.'s Resp. to Defs.' Joint

Mot. for J. on the Pleadings on Strict Liability Claim [filed Mar. 27, 2006].)

On January 17, 2006, Defendant Fireworks West filed a motion for summary judgment, in

which it argued that it did not cause Plaintiff's son's injuries and did not owe any duty to Plaintiff

or his son.  (Fireworks West Internationale, Inc.'s Mot. for Summ. J.; Fireworks West

Internationale Inc.'s Br. in Supp. of Mot. for Summ. J. [filed Jan. 17, 2006].)  On March 10,

2006, Plaintiff responded to the motion.  (Pls.' [sic] Resp. to Fireworks West Internationale,

Inc.'s Mot. for Summ. J. [filed Mar. 10, 2006].)  On March 27, 2006, Defendant Fireworks West

filed reply brief in support of its motion.  (Fireworks West Internationale Inc.'s Reply Br. in Supp.

of Mot. for Summ. J. [filed Mar. 27, 2006].)

## ANALYSIS

### 1.    *Legal Standard*

As will be seen, of all the motions at issue in this case, I need only directly address

Defendants Grooms and Brush's motions for summary judgment on Plaintiff's federal claims.

Accordingly, I discuss only the standard of review relevant thereto.  Pursuant to Rule 56(c) of the

Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

show that there is no genuine issue as to any material fact and that the moving party is entitled to

judgment as a matter of law."  Fed. R. Civ. P. 56(c) (2006); *see Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 248–50 (1986); *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513,

1517 (10th Cir. 1994).  The moving party bears the initial burden of showing an absence of

evidence to support the nonmoving party's case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325

(1986).  "Once the moving party meets this burden, the burden shifts to the nonmoving party to

demonstrate a genuine issue for trial on a material matter."  *Concrete Works*, 36 F.3d at 1518

(citing *Celotex*, 477 U.S. at 325).  The nonmoving party may not rest solely on the allegations in

the pleadings, but must instead designate "specific facts showing that there is a genuine issue for

trial."  *Celotex*, 477 U.S. at 324; *see* Fed. R. Civ. P. 56(e) (2006).  A fact in dispute is "material"

if it might affect the outcome of the suit under the governing law; the dispute is "genuine" if the

evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party.

*Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997) (citing *Anderson*, 477 U.S. at 248).  The

court may consider only admissible evidence when ruling on a summary judgment motion.  *See*

*World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985).  The factual

record and reasonable inferences therefrom are viewed in the light most favorable to the party

opposing summary judgment.  *Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir.

1998) (citing *Concrete Works*, 36 F.3d at 1517).

**2.     Evaluation of Claims**

**a.       Preliminary Matters**

Before turning to Plaintiff's claims themselves, I address two matters involving the

summary judgment briefing: (1) Defendant Brush's motion to strike Plaintiff's amended response

brief in opposition to its motion for summary judgment, and (2) Plaintiff's motion for leave to file

a second amended response brief in opposition to Defendant Brush's motion for summary

judgment.

Regarding the former, United States District Court for the District of Colorado Local

Civil Rule 7.1A provides:

> [t]he court will not consider any motion, other than a motion under [Federal Rule
> of Civil Procedure] 12 or 56, unless counsel for the moving party[,] . . . before
> filing the motion, has conferred or made reasonable, good-faith efforts to confer
> with opposing counsel . . . to resolve the disputed matter.  The moving party shall
> state in the motion, or in a certificate attached to the motion, the specific efforts to
> comply with this rule.

D.C. Colo. L. Civ R 7.1A (2006).  In plain contravention of the rules, Defendant Brush does not

certify its efforts at conference, instead stating "signed counsel does not have any reason to

believe that conferring with Plaintiff's counsel would be of any use."  (Def. Brush's Mot. to Strike

at 2.)  "The purpose of Rule 7.1A is to require the parties to confer and to attempt to resolve a

dispute before incurring the expense of filing a motion and before requiring the court to address a

disputed issue." *Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 635 (D. Colo. 2003).  Moreover,

failure to comport with Local Rule 7.1A is alone sufficient grounds to warrant denial of a party's

motion.  *See Echostar Commc'ns Corp. v. News Corp. Ltd.*, 180 F.R.D. 391, 394 (D. Colo.

1998); *McCoy v. West*, 965 F.Supp. 34, 35 (D. Colo. 1997).  In accord with the foregoing,

Defendant Brush's motion to strike is denied.

Formalities notwithstanding, Defendant Brush's motion is of questionable value, given

that Plaintiff moves for leave to file a second amended brief in an effort to correct the problems

Defendant Brush highlighted in its motion to strike.  (Pl.'s Mot. for Leave.)  Plaintiff's motion for

leave to amend is granted and Plaintiff's second amended response brief in opposition to

Defendant Brush's motion for summary judgment is accepted.

###### b.    Section 1983

Defendants Brush and Grooms move for summary judgment on Plaintiff's section 1983

claims.  (Defs. Grooms and Big Bang's Br.; Def. Brush's Br.)  Section 1983 provides a remedy

for constitutional violations committed by state actors or by private actors under color of state

law.  *See* 42 U.S.C. § 1983 (2006).  Specifically, section 1983 provides that:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State . . . subjects, or causes to be subjected, any citizen of the
> United States or other person within the jurisdiction thereof to the deprivation of
> any rights, privileges, or immunities secured by the Constitution and laws, shall be
> liable to the party injured in an action at law, suit in equity, or other proper
> proceeding for redress.

*Id.*  Thus, to establish a violation of section 1983, a plaintiff must demonstrate that: (1) the

defendant acted under color of state law to deprive him of a right, and (2) the right the defendant

violated was secured by the Constitution or the laws of the United States.  *See Am. Mfrs. Mut.*

*Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999).

Here, Plaintiff alleges that Defendants Brush and Grooms violated section 1983 by acting

under color of state law to deprive his son of his liberty interest in his bodily integrity guaranteed

by the Fourteenth Amendment due process clause.  (Am. Compl. ¶¶ 56–85.)  The Fourteenth

Amendment specifies that no State shall "deprive any person  of life, liberty, or property, without

due process of law . . . ."  U.S. Const. amend. XIV, § 1.  The Supreme Court has noted that the

contours of this constitutional provision "guarantee more than fair process and . . . cover a

substantive sphere as well, barring certain government actions regardless of the fairness of the procedures used to implement them." *County of Sacramento v. Lewis*, 523 U.S. 833, 840 (1998) (internal citation and quotations omitted).  Further, the Supreme Court has specifically emphasized that:

> the touchstone of due process is protection of the individual against arbitrary action of government, whether the fault lies in a denial of fundamental procedural fairness, or in the exercise of power without any reasonable justification in the service of a legitimate governmental objective.

*Id*. at 845–46 (internal quotations and citations omitted).

In his complaint, Plaintiff alleges that Defendant Brush is liable: (1) as a municipality because it had a policy or custom of ignoring Colorado state safety regulations in conducting fireworks displays; and (2) for Plaintiff's son's injuries under the "danger creation" doctrine. (Am. Compl. ¶¶ 56–74.)  In his response to Defendant Brush's motion for summary judgment, Plaintiff introduces his argument that Defendant Brush is liable for its failure to train its agents regarding the fireworks display.  (Pl.'s Second Am. Brush Resp. at 25–28.)  Further, Plaintiff argues that: (1) Defendant Grooms is liable for Plaintiff's sons injuries because Defendant Grooms followed Defendant Brush's aforementioned policy or custom; and (2) Defendants Brush and Grooms were joint venturers in conducting the fireworks display, thus subjecting Defendant Brush to liability for Defendant Grooms's actions.  (Am. Compl. ¶¶ 74–85.)  I address Plaintiff's arguments against each Defendant in turn.

### i.   *Defendant Brush*

Defendant Brush moves for summary judgment on Plaintiff's section 1983 claims against it.  (Def. Brush's Br.)  Plaintiff posits three potential theories to establish Defendant Brush's liability.  I discuss each in turn.

### (1)   *Municipal Liability*

Plaintiff argues that Defendant Brush maintained a municipal policy or custom that was the moving force behind his son's injuries and the violation of his constitutional rights.  (Pl.'s Second Am. Brush Resp. at 17–25.)  Municipalities can be sued for monetary, declaratory, or injunctive relief for deprivations of constitutional or civil rights under section 1983.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).  Municipal liability under section 1983 is limited to deprivations of federally protected rights caused by actions taken pursuant to official municipal policy or custom.  *Id.* at 691; *accord Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997).  Here, Plaintiff argues that his son possessed a constitutionally protected liberty interest in his "bodily integrity," which Defendant Brush violated or deprived "as a direct result" of its custom of conducting fireworks displays that do not comply with Colorado state law safety regulations.  (Pl.'s Second Am. Brush Resp. at 18–22.)  Plaintiff's claim fails for myriad reasons, including his failure to state a Fourteenth Amendment violation.

First, "[s]ection 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n.3 [1979]).  As such, the "first step" in a section 1983 claim is "to identify the specific constitutional right allegedly infringed."  *Id.*

(citations omitted).  Here, Plaintiff does not sufficiently state a claim for violation of his son's right to bodily integrity under Fourteenth Amendment substantive due process.

The principle of bodily integrity is long- and well-established in the law.  "[N]o right is held more sacred, or is more carefully guarded, by the common law[] than the right of every individual to the possession and control of his own person, free from all restraint or interference of others, unless by clear and unquestionable authority of law." *Union Pacific Ry. Co. v. Botsford*, 141 U.S. 250, 251 (1891).  Still, "[t]he Supreme Court has recognized a liberty interest in bodily integrity in only very limited circumstances involving such things as abortions, . . . end-of-life decisions, . . . birth control decisions, . . . and instances where individuals are subject to dangerous or invasive procedures where their personal liberty is being restrained." *Moore v. Guthrie*, 438 F.3d 1036, 1039–40 (10th Cir. 2006); *see Cruzan v. Dir., Miss. Dep't of Health*, 497 U.S. 261, 278–79 (1990) (noting principles of bodily integrity gives rise to constitutionally protected liberty interest in refusing unwanted medical treatment); *Washington v. Harper*, 494 U.S. 210, 221–22, 238 (1990) (recognizing bodily integrity liberty interest in avoiding unwanted administration of antipsychotic drugs while in custody); *Winston v. Lee*, 470 U.S. 753, 765–66 (1985) (holding surgical removal of potential evidence from an individual's body without individual's consent is unconstitutional intrusion upon bodily integrity); *Rochin v. Cal.*, 342 U.S. 165, 173–74 (1952) (determining detainee's due process rights to bodily integrity violated when police ordered doctors to pump his stomach, against detainee's will, to obtain evidence of drugs).

Here, Plaintiff's claim clearly does not contemplate abortion, end-of-life decisions, or birth control decisions.  More poignantly, Plaintiff's claim does not contemplate subjecting an

individual whose liberty is restrained to dangerous or invasive procedures.  Instead, Plaintiff

argues that he has a cognizable claim for violation of his son's bodily integrity, based on his

ensuing injury after Defendant Brush and its agents failed to follow Colorado state law in

conducting a fireworks display.  (Am. Compl. ¶ 63; Pl.'s Second Am. Brush Resp. at 18.)  Fatally

to his claim, Plaintiff does not allege — and the evidence does not support — that his son's liberty

was in any way restrained.  Indeed, in the instant case, the injury allegedly occurred in front of

Plaintiff's residence, after Plaintiff's son had picked up and moved the unexploded shell from its

initial location.  (Pl.'s Second Am. Brush Resp., Ex. 2 at 10–11 [E. Ruiz Dep.].)

Purportedly in support of his claim, Plaintiff directs the court to the wholly inapposite

*Ingraham v. Wright*, 430 U.S. 651 (1977), and *Youngberg v. Romero*, 457 U.S. 307 (1982).

Plaintiff's reliance is misplaced.  Both *Ingraham* and *Youngberg* contemplate situations in which

the plaintiffs suffered bodily harm while their liberty was restrained.  *Ingraham* involved corporal

punishment of a student in school, provoking the Supreme Court to find that "[i]t is fundamental

that the state cannot hold and physically punish an individual except in accordance with due

process of law."  430 U.S. at 674.  In *Youngberg*, the Supreme Court held that it is

unconstitutional to subject an involuntarily confined individual to unsafe conditions or bodily

restraint.  457 U.S. at 316.  Neither case law nor policy supports Plaintiff's bodily integrity claim

in the absence of restraints on his son's liberty.  Accordingly, Defendant Brush is entitled to

summary judgment for Plaintiff's failure to cite a cognizable constitutional claim regarding bodily

integrity.

Additionally, Plaintiff's claim must fail in that it is merely an attempt to transform, as if by alchemy, a state law claim into a constitutional claim. Plaintiff argues: (1) state law imposed a duty on Defendant Brush and its agents to perform certain actions in conducting fireworks displays; (2) Defendant Brush and its agents did not perform their duties; (3) failure to perform those duties led to Plaintiff's son's injuries; and (4) the fact that Plaintiff's son became injured violated his right to bodily integrity guaranteed by the Fourteenth Amendment right to substantive due process. (Am. Compl. ¶¶ 56–74; Pl.'s Second Am. Brush Resp. at 18–22.) Upon distillation, Plaintiff's argument is that Defendant Brush violated state law, and therefore violated the Constitution.[6] Consequently, Plaintiff's claim must fail, for "illegality under [a] state statute can neither add to nor subtract from its constitutional validity. Mere violation of a state statute does not infringe the federal Constitution." *Snowden v. Hughes*, 321 U.S. 1, 11 (1944) (citations omitted); *see also Archie v. Racine*, 847 F.2d 1211, 1216 (7th Cir. 1988) (quoting *Davidson v. Cannon*, 474 U.S. 344, 348 [1986]) ("[T]he Constitution does not duplicate state law. It constrains the state from 'abusing governmental power, or employing it as an instrument of oppression.'"). To find otherwise would undermine the very foundations of federalism and state sovereignty. Indeed, "it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984); *see Daniels v. Williams*, 474 U.S.

_____

[6]Plaintiff describes Defendant Brush's "policy or custom of ignoring the safety requirements of [Colorado Revised Statutes section] 12–28–103(4)," and asserts that Defendant Brush, "under the color of law and/or its policy or custom, deprived [Plaintiff's son] of his constitutionally protected rights to substantive due process." (Am. Compl. ¶¶ 58–59, 64.)

327, 332 (1986) (quoting *Paul v. Davis*, 424 U.S. 693, 701 [1976]) ("[T]he due process clause should not be so stretched that it becomes 'a font of tort law to be superimposed upon whatever systems may already be administered by the States.'"); *Archie*, 847 F.2d at 1217 ("[T]o treat a violation of state law as a violation of the Constitution is to make the federal government the enforcer of state law."). Thus, Plaintiff's section 1983 claims must fail because they lack the requisite substance of a Fourteenth Amendment violation. Defendant Brush is therefore entitled to summary judgment on Plaintiff's section 1983 claims.

Plaintiff has failed to establish a constitutional violation, therefore all of his section 1983 claims must fail. I briefly discuss the other aspects of his claims against Defendant Brush.

### (2)   *Danger Creation*

Plaintiff additionally argues that Defendant Brush violated his son's Fourteenth Amendment rights and is liable for his injuries under the doctrine of danger creation. (Pl.'s Second Am. Brush Resp. at 28–39.) The danger creation doctrine is a limited exception to the general that rule state actors are not obligated to protect individuals against harm by third parties. *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 197 (1989); *Seamons v. Snow*, 84 F.3d 1226, 1236 (10th Cir. 1996). Under the danger creation exception, "state officials can be liable for the acts of third parties where those officials created the danger that caused the harm." *Seamons*, 84 F.3d at 1236; *see also Moore v. Guthrie*, 438 F.3d 1036, 1042 (10th Cir. 2006) (holding danger creation exception applies only when a state actor "affirmatively acts to create, or increases a plaintiff's vulnerability to, danger from private violence"); *Ruiz v. McDonnell*, 299 F.3d 1173, 1182 (10th Cir. 2002) (recognizing danger creation doctrine as an

exception to the general rule that state actors may not be held liable under section 1983 for the

violent acts of third parties); *Currier v. Doran*, 242 F.3d 905, 917–18 (10th Cir. 2001) ("[S]tate

officials can be liable for the acts of third parties where those officials created the danger that

caused the harm."); *Armijo v. Wagon Mound Pub. Schs.*, 159 F.3d 1253, 1262 (10th Cir. 1998)

(noting that under the danger creation exception, a state actor may be held liable for the violent

acts of a third party if the state actor created the danger that caused the harm).

Even at first blush, Plaintiff's claim must fail purely for its form.  Plaintiff does not allege

his son was the victim of third party violence.  (Pl.'s Second Am. Brush Resp. at 28–39.)  Rather,

Plaintiff asserts his son's injuries resulted from the explosion that occurred after his son hit an

unexploded shell with a baseball bat.  (*Id.* at 3, Ex. 2 at 14 [E. Ruiz Dep.].)  Plaintiff does not

allege that a third party acted to cause the injuries, and thus does not properly state a danger

creation claim.  Further, Plaintiff's argument fails in substance for its failure to plead a deprivation

of his son's constitutional rights, as discussed above.

Finally, even had Plaintiff properly stated his claim, it would still fail.  In the Tenth Circuit,

to establish a danger creation claim, a plaintiff must demonstrate that: (1) the plaintiff was a

member of a limited and specifically definable group; (2) the charged state entity and charged

individual actors created the danger or increased plaintiff's vulnerability to the danger in some

way; (3) the defendants' conduct put the plaintiff at substantial risk of serious, immediate, and

proximate harm; (4) the risk was obvious or known; (5) the defendants acted recklessly in

conscious disregard of that risk; and (6) such conduct, when viewed in total, shocks the

conscience.[7] *Christiansen v. City of Tulsa*, 332 F.3d 1270, 1281 (10th Cir. 2003) (citing *Gonzales v. City of Castle Rock*, 307 F.3d 1258, 1263 [10th Cir. 2002]).  Here, Plaintiff recognizes the factors listed above, and purports to satisfy the first by asserting that he and his son were members of a limited, definable group of residents of a neighborhood located in close proximity to the fireworks display.  (Pl.'s Second Am. Brush Resp. at 28, 29.)  In support of his contention, Plaintiff points the court to an unauthenticated map of the fireworks display area with no demarcation or specification as to where Plaintiff and his son lived.  (Pl.'s Resp., Ex. 37 [Grooms Dep. Ex. 8].)

Plaintiff's attempt at substantiation is woefully inadequate.  In response to a motion for summary judgment, a plaintiff may not rest solely on the allegations in the pleadings, but must designate specific facts to demonstrate a genuine issue of fact for trial with respect to her claim.  *See Celotex*, 477 U.S. at 324.  Without citation to supportive record evidence, Plaintiff's assertions are merely conclusory, and thus cannot serve to create a genuine issue of fact to survive summary judgment.  *L & M Enters. v. BEI Sensors & Sys. Co.*, 231 F.3d 1284, 1287 (10th Cir. 2000) (deeming conclusory allegations insufficient to create a genuine issue of fact to defeat summary judgment).  I need not discuss the subsequent factors.  Plaintiff's danger creation claim fails because it lacks: (1) applicability in the absence of third party violence; (2) applicability in the

---

[7]The Tenth Circuit has identified the "classic" danger creation case to be *Wood v. Ostrander*, 879 F.2d 583 (9th Cir. 1989), in which the plaintiff was raped after police officers impounded the plaintiff's car and abandoned her in a high crime area in the middle of the night. *See Uhlrig v. Harder*, 64 F.3d 567, 572 (10th Cir. 1995).

absence of a constitutional violation; and (3) substantiation of his factual allegations. Accordingly, Defendant Brush is entitled to summary judgment thereupon.

### (3)   Failure to Train

Plaintiff argues that Defendant Brush violated Plaintiff's son's Fourteenth Amendment rights and is liable for his injuries because Defendant Brush failed to train Defendant Grooms and the members of the Brush Volunteer Department in presenting public fireworks displays.  (Pl.'s Second Am. Brush Resp. at 25–28.)  Plaintiff did not assert a claim for failure to train in his complaint or in the pretrial order in this case.  (Am. Compl.; Preliminary Pretrial Order at 1–4 [filed Dec. 5, 2005].)  Claims alleging that a municipality's failure to train its employees resulted in a constitutional deprivation are cognizable under section 1983, and "yield liability against a municipality where that city's failure to train reflects deliberate indifference to the constitutional rights of its inhabitants."  *City of Canton v. Harris*, 489 U.S. 378, 392 (1989).

Courts may treat new claims raised in a plaintiff's opposition to summary judgment as a request to amend the complaint pursuant to Federal Rule of Civil Procedure 15.  *See* Fed. R. Civ. P. 15 (2006); *Martinez v. Potter*, 347 F.3d 1208, 1211 (10th Cir. 2003); *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 790 n.9 (10th Cir. 1998).  Generally, a plaintiff ought not be prohibited to pursue a valid claim due to the plaintiff's failure to set forth in the complaint a theory upon which she could recover, so long as the "late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon the merits."  *Evans v. McDonald's Corp.*, 936 F.2d 1087, 1090–91 (10th Cir. 1991) (citation and internal quotation marks omitted).  Indeed, the Tenth Circuit has held that "the purpose of 'fact pleading,' as provided by [Federal Rule of Civil

Procedure] 8(a)(2), is to give the defendant fair notice of the claims against him without requiring

the plaintiff to have every legal theory or fact developed in detail before the complaint is filed . . .

." *Evans*, 936 F.2d at 1091.  Notably, this pleading standard, although liberal, does not:

> permit plaintiffs to wait until the last minute to ascertain and refine the theories on
> which they intend to build their case.  This practice, if permitted, would waste the
> parties' resources, as well as judicial resources, on discovery aimed at ultimately
> unavailing legal theories and would unfairly surprise defendants, requiring the
> court to grant further time for discovery or continuances.

*Id.*

Here, Plaintiff has already amended his complaint, and offers no explanation as to why this

court should allow a second amendment, by implication, at this stage in the case.  It is difficult to

ascertain — and Plaintiff makes no argument to aid the court in its endeavor — why Plaintiff

could not have presented this argument in a more timely manner.  It is well settled in the Tenth

Circuit that "untimeliness alone is a sufficient reason to deny leave to amend, especially when the

party filing the motion has no adequate explanation." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365

(10th Cir. 1993) (citing *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 [10th Cir. 1991];

*Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 [10th Cir. 1990];

*First City Bank v. Air Capitol Aircraft Sales*, 820 F.2d 1127, 1133 [10th Cir. 1987]).  Plaintiff's

implied request to amend his complaint is unjustifiably untimely, and is therefore denied.[8]

### ii.    *Defendant Grooms*

---

[8]I note that allowing the proposed amendment would be an exercise in futility, given
Plaintiff's failure to plead a violation of his son's constitutional substantive due process rights.

Defendant Grooms moves for summary judgment on Plaintiff's claims against him.  (Def. Grooms and Big Bang's Br.)  Plaintiff argues that Defendant Grooms is individually liable for his son's injuries because Defendant Grooms followed Defendant Brush's policy of not enforcing state law safety regulations in putting on the fireworks display.  (Am. Compl. ¶¶ 78, 84; Preliminary Pretrial Order at 4 [filed Dec. 5, 2005].)

Plaintiff does not purport to base Defendant Grooms's liability on any other actions besides his following Defendant Brush's alleged municipal policy of conducting fireworks displays that do not comply with Colorado state safety regulations.[9]  (Am. Compl. ¶¶ 75–85; Preliminary Pretrial Order at 4 [filed Dec. 5, 2005]; Pl.'s Grooms and Big Bang Resp. at 15.)  As established above, Plaintiff does not adequately plead a violation of his son's right to bodily integrity under Fourteenth Amendment substantive due process.  Accordingly, under the same analysis set forth above, Defendant Grooms is entitled to summary judgment on Plaintiff's section 1983 claims against him.

### c.   *State Law Claims*

This court has jurisdiction over Plaintiff's federal law claims under federal question jurisdiction pursuant to 28 U.S.C. § 1331 (2006) and civil rights original jurisdiction pursuant to 28 U.S.C. § 1343 (2006).  The record in this case reveals that the parties are not diverse.  (Am.

---

[9]Plaintiff alleges that Defendant Grooms "was following the policy and custom of [Defendant] Brush in not enforcing [Colorado state law] regulations."  (Am. Compl. ¶ 78.) Plaintiff further alleges that his son's liberty interest "was violated or otherwise deprived as a direct result of [Defendant] Grooms acting in concert with [Defendant] Brush and following its custom."  (*Id.* ¶ 84.)

Compl. ¶¶ 3–9.)  I have dismissed Plaintiffs' federal civil rights law claims, which provided the

sole basis for this court's original jurisdiction.  Thus, the only basis for this court's jurisdiction

over Plaintiffs' state law claims for negligence and strict liability is supplemental jurisdiction

pursuant to 28 U.S.C. § 1367(a) (2006).

I decline to exercise supplemental jurisdiction over Plaintiffs' state law claims and

therefore dismiss those claims against all Defendants without prejudice to refiling in state court.

*See* 28 U.S.C. § 1367(c)(3) (2006) ("[t]he district courts may decline to exercise supplemental

jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has

original jurisdiction"); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("if the

federal claims are dismissed before trial . . . the state claims should be dismissed as well").

**3.     *Conclusions***

Based on the foregoing it is therefore ORDERED that:

1. Plaintiff's motion for leave to file a second amended brief in opposition to Defendant

Brush's motion for summary judgment (#90) is GRANTED.

2. Defendant Brush's motion to strike Plaintiff's response brief to its motion for summary

judgment (#88) is DENIED.

3. Defendant Brush's motion for summary judgment on Plaintiff's section 1983 claims

(#68) is GRANTED.

4. Defendant Brush's motion to dismiss Plaintiff's section 1983 claims (#36) is DENIED

as moot.

5. Defendants Grooms and Big Bang's motion for joinder to Defendant Brush's motion to dismiss (#53) is DENIED as moot.

6. Defendants Grooms and Big Bang's motion for summary judgment (#62) is GRANTED in part and DENIED in part.  The motion is GRANTED as to Plaintiff's section 1983 claim against Defendant Grooms.  In all other respects, the motion is DENIED without prejudice to refiling in state court.

7. Defendant Brush's motion to dismiss itself under the Colorado Governmental Immunity Act (#67) is DENIED without prejudice to refiling in state court.

8. Defendants Brush Rodeo and Fireworks West's joint motion for judgment on the pleadings on Plaintiff's strict liability claims (#66) is DENIED without prejudice to refiling in state court.

9. Defendant Fireworks West's motion for summary judgment (#64) is DENIED without prejudice to refiling in state court.

10. The clerk shall forthwith enter judgment in favor of Defendants Brush and Grooms and against Plaintiff, dismissing Plaintiff's federal claims with prejudice.  Defendants Brush and Grooms may have their costs by filing a bill of costs within eleven days of the date of this order.  Plaintiffs' state law claims are dismissed without prejudice to allow refiling in state court.

Dated this 30th day of June, 2006

BY THE COURT:


s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge