IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 05–cv–00897–EWN–CBS

FRANCISCO RUIZ, on behalf of his
minor child, ELICEO RUIZ,

      Plaintiff,

v.

CITY OF BRUSH,
BRUSH RODEO ASSOCIATION INC.,
FIREWORKS WEST INTERNATIONAL INC.,
BIG BANG FIREWORKS INC. and
STEVE GROOMS,

      Defendants.

---

## ORDER

---

      This is a civil rights and negligence case. This matter comes before the court on Defendants Steve Grooms and City of Brush's "Joint Motion for Attorney Fees," filed July 11, 2006 (hereinafter "Defs.' Mot."). The underlying facts of this case are set forth in detail in this court's Order and Memorandum of Decision filed June 30, 2006. (Order [filed June 30, 2006] [hereinafter "Order"].) Familiarity therewith is thus assumed.

      On May 17, 2005, Plaintiff filed an initial complaint in this court, in which he asserted: (1) three claims under 42 U.S.C. §1983 ("section 1983") against Defendants Grooms and City of Brush ("Defendant Brush") for violating his son's Fourteenth Amendment right to substantive due

process; and (2) five state law claims against Defendants in various combinations. (Compl. and Jury Demand [filed May 17, 2005].) On September 13, 2005, Plaintiff amended his complaint to add a fourth claim under section 1983. (Am. Compl. and Jury Demand [filed Sept. 13, 2005] [hereinafter "Am. Compl."].) Thereafter, Defendants directed an impressive barrage of dispositive motions at Plaintiff's complaint.

On September 21, 2005, Defendant Brush filed a motion to dismiss Plaintiff's amended section 1983 claims against it. (Mot. to Dismiss Pl.'s Am. Sixth, Seventh[,] and Eighth Claims for Relief under 42 USC [sic] § 1983 against the City of Brush [filed Sept. 21, 2005].) On December 8, 2005, Defendants Grooms and Big Bang Fireworks, Inc. ("Defendant Big Bang") moved to join Defendant Brush's motion to dismiss Plaintiff's section 1983 claims. (Mot. of Defs. Big Bang Fireworks, Inc. and Steve Grooms for Joinder to Co-Defs. [sic] Mot. to Dismiss [filed Dec. 8, 2005].) On January 17, 2005: (1) Defendants Grooms and Big Bang jointly filed a motion for summary judgment on all of Plaintiff's claims against them; (2) Defendant Brush concurrently filed a motion to dismiss Plaintiff's state law tort claims against it and a motion for summary judgment on Plaintiff's section 1983 claims against it; (3) Defendant Fireworks West International, Inc. ("Defendant Fireworks West") filed a motion for summary judgment on all of Plaintiff's claims against it; and (4) Defendants Brush Rodeo Association, Inc., Fireworks West, Grooms, and Big Bang filed a joint motion for judgment on the pleadings on Plaintiff's claim for strict liability.[1] (Defs.', Big Bang Fireworks[,] Inc[.] and Steve Grooms, Mot. and Br. in Supp. of

---

[1] Plaintiff duly responded to these motions. On April 20, 2006, Defendant Brush filed a motion to strike Plaintiff's opposition brief in response to its motion for summary judgment, in

Summ. J. [filed Jan. 17, 2006]; Mot. for Summ. J. on Pl.'s [section] 1983 Claims against the City of Brush [filed Jan. 17, 2006]; Mot. to Dismiss Pl.'s Tort Claims Against the City of Brush Under the Colorado Governmental Immunity Act [filed Jan. 17, 2006]; Fireworks West Internationale, Inc.'s Mot. for Summ. J. [filed Jan. 17, 2006]; Jt. Mot. for J. on the Pleadings on Strict Liability Claim [filed Jan. 17, 2006].)

On June 30, 2006, this court issued an order, in which it: (1) granted both Defendants Grooms's and Brush's motions for summary judgment on Plaintiff's section 1983 claims; (2) declined to exercise supplemental jurisdiction over Plaintiff's remaining claims, dismissing same without prejudice to refiling in state court; and (3) denied all other pending motions listed above. (Order.)  Defendants Grooms and Brush now seek attorney's fees pursuant to 42 U.S.C. § 1988(b).[2]  (Defs.' Mot.)  Defendants Grooms and Brush argue that Plaintiff's section 1983 claims were frivolous and lament they will be forced to defend Plaintiff's state law claims a second time, in light of this court's decision not to exercise supplemental jurisdiction. (*Id.*)

Unfortunately, Defendants Grooms and Brush will be forced to move for attorney's fees a second time as well, for they have wholly failed to comply with this court's local rules.  Pursuant to Colorado Local Civil Rule 54.3A, "[u]nless otherwise ordered by the court, a motion for attorney fees shall be supported by one or more affidavits."  D.C. Colo. L. Civ. R. 54.3A (2006).

---

which it emphasized, *inter alia*, Plaintiff's flawed citation and noncompliance with this court's practice standards.  (Def. Brush's Mot. to Strike [filed Apr. 20, 2006].)

[2]42 U.S.C. § 1988 provides that in any action or proceeding to enforce a provision of section 1983, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."  42 U.S.C. § 1988 (2006).

Here, Defendants Grooms and Brush have failed to furnish such support, and this court has not issued an order allowing for any such omission.

Further, Defendants Grooms and Brush have requested "that this [c]ourt award them their reasonable attorney fees." (Def.'s Mot. at 4.)  This amorphous request is a direct violation of Local Rule 54.3B, which, in relevant part, requires submission of "a detailed description of the services rendered, the amount of time spent, the hourly rate, and the total amount claimed."  D.C. Colo. L. Civ. R. 54.3B (2006).  Beyond violating the rules, it is rather surprising that Defendants Grooms and Brush would submit a motion the court without: (1) specifying the relief they seek; or (2) giving this court some means by which to adjudge the reasonableness of said relief.  In light of the foregoing, this court must deny Defendants Grooms and Brush's motion without prejudice to refiling in comport with Colorado Local Civil Rule 54.3.

Defendants Grooms and City of Brush's joint motion for attorney fees (#103) is DENIED.

Dated this 13th day of October, 2006

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge